UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No. 12-CV-80247-MIDDLEBROOKS/BRANNON

BVS ACQUISITION CO., LLC,
a Delaware limited liability company,
and ARTHUR W. HOOPER, JR.,

        Plaintiffs,

vs.

RORY A. BROWN
and JEROME M. ELLIS,

        Defendants.
_____/

## DEFENDANT ELLIS' ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Jerome M. Ellis (hereinafter, "Mr. Ellis"), by and through his undersigned counsel, pursuant to Rule 8(b)-(d) of the Federal Rules of Civil Procedure, hereby respectfully submits his Answer and Affirmative Defense to Plaintiffs' Complaint (DE 1).

### ANSWER

In response to the correspondingly numbered paragraphs of Plaintiffs' Amended Complaint, Mr. Ellis states as follows:

1. Mr. Ellis admits that BVS is a limited liability company organized under the laws of the State of Delaware. Mr. Ellis is without sufficient information to admit or deny the remaining allegations of paragraph 1, therefore they are denied.

2. Mr. Ellis is without sufficient information to admit or deny the allegations of paragraph 2, therefore it is denied in its entirety.

3. Mr. Ellis admits the allegations of paragraph 3.

4. Mr. Ellis denies the allegations of paragraph 4.

5. Mr. Ellis denies the allegations of paragraph 5.

6. Mr. Ellis is without sufficient information to admit or deny the allegations of paragraph 6, therefore it is denied in its entirety.

7. Mr. Ellis is without sufficient information to admit or deny the allegations of paragraph 7, therefore it is denied in its entirety.

8. Mr. Ellis admits the allegations of paragraph 8.

9. Mr. Ellis denies that he was Executive Vice President of Lydian Bank. Mr. Ellis admits the remaining allegations of paragraph 9.

10. Mr. Ellis admits the last sentence of paragraph 10 and denies the remaining allegations of paragraph 10.

11. Mr. Ellis admits the allegations of paragraph 11.

12. Mr. Ellis denies the allegations of paragraph 12.

13. Mr. Ellis denies the allegations of paragraph 13.

14. Mr. Ellis denies the allegations of paragraph 14.

15. Mr. Ellis denies the allegations of paragraph 15.

16. Mr. Ellis denies the allegations of paragraph 16.

17. Mr. Ellis denies the allegations of paragraph 17.

18. Mr. Ellis is without sufficient information to admit or deny the allegations of paragraph 18, therefore it is denied in its entirety.

19. Mr. Ellis admits the allegations of paragraph 19.

20. Mr. Ellis denies the allegations of paragraph 20.

21. Mr. Ellis admits that he received the referenced letter. Mr. Ellis is without sufficient information to admit or deny the remaining allegations of paragraph 21, therefore they are denied.

22. Mr. Ellis admits that he received the referenced letter. Mr. Ellis is without sufficient information to admit or deny the remaining allegations of paragraph 22, therefore they are denied.

23. Mr. Ellis admits the allegations of paragraph 23.

24. Mr. Ellis admits that he received the referenced letter and denies the remaining allegations of paragraph 24.

25. Mr. Ellis admits that he sent the referenced email but denies the remaining allegations of paragraph 25.

26. Mr. Ellis admits that Mr. Hooper and BVS completed the purchase transactions but is without sufficient information to admit or deny the allegations of paragraph 26, therefore they are denied.

27. Mr. Ellis denies the allegations of paragraph 27.

28. Mr. Ellis denies the allegations of paragraph 28.

29. Mr. Ellis admits the first sentence of paragraph 29 and denies the remaining allegations of paragraph 29.

30. Mr. Ellis admits that the OTS issued the referenced Order. To the extent that the remaining allegations of paragraph 30 are incomplete and/or inconsistent with the Order, they are denied.

31. Mr. Ellis admits that the OTS issued the referenced Order. To the extent that the remaining allegations of paragraph 31 are incomplete and/or inconsistent with the Order, they are denied.

32. Mr. Ellis denies the allegations of paragraph 32.

33. Mr. Ellis admits the first sentence of paragraph 33 but denies the remaining allegations of paragraph 33.

34. Mr. Ellis denies the allegations of paragraph 34.

35. Mr. Ellis denies the allegations of paragraph 35.

36. Mr. Ellis denies the allegations of paragraph 36.

37. Mr. Ellis denies the allegations of paragraph 37.

38. Mr. Ellis restates his responses to the allegations of paragraphs 8 through 37 as though fully set forth herein.

39. Mr. Ellis admits the allegations of paragraph 39.

40. Mr. Ellis denies the allegations of paragraph 40.

41. Mr. Ellis denies the allegations of paragraph 41.

42. Mr. Ellis denies the allegations of paragraph 42.

43. Mr. Ellis denies the allegations of paragraph 43.

44. Mr. Ellis denies the allegations of paragraph 44.

45. Mr. Ellis denies the allegations of paragraph 45.

46. Mr. Ellis denies the allegations of paragraph 46.

47. Mr. Ellis denies the allegations of paragraph 47.

48. Mr. Ellis restates his responses to the allegations of paragraphs 8 through 37 as though fully set forth herein.

49. Mr. Ellis admits the allegations of paragraph 49.

50. Mr. Ellis denies the allegations of paragraph 50.

51. Mr. Ellis admits the allegations of paragraph 51.

52. Mr. Ellis denies the allegations of paragraph 52.

53. Mr. Ellis denies the allegations of paragraph 53.

54. Mr. Ellis denies the allegations of paragraph 54.

55. Mr. Ellis denies the allegations of paragraph 55.

56. Mr. Ellis denies the allegations of paragraph 56.

57. Mr. Ellis denies the allegations of paragraph 57.

As to each and every denial set forth above, Plaintiffs' assumptions and characterizations relating to any matter, including but not limited to, actions, events, facts, statements, motives, knowledge, time, and intent, are also denied.

WHEREFORE, based on the forgoing, Defendant Jerome Ellis respectfully requests that this Court dismiss Plaintiffs' Complaint with prejudice, enter a final judgment in favor of Defendant Ellis with an award of his compensable costs of this action, and grant Defendant Ellis such additional relief as is just and equitable.

## AFFIRMATIVE DEFENSES[1]

In avoidance of, and as affirmative defenses to, Plaintiffs' allegations and claims, Defendant Ellis alleges as follows:

### First Affirmative Defense

Plaintiffs have failed to adequately plead the parties' citizenship so as to demonstrate diversity sufficient to sustain this federal Court's subject-matter jurisdiction.

---

[1] Defendant Ellis sets forth these allegations as affirmative defenses, the matter set forth may be elements of Plaintiffs' claims for which they have the burden of proof. Accordingly, Ellis does not admit that the matters set forth are not elements of Plaintiffs' claims or that Ellis bears the burden of proof thereof.

<u>Second Affirmative Defense</u>

Plaintiffs are equitably estopped from maintaining their claims.

<u>Third Affirmative Defense</u>

Plaintiffs' claims are barred by waiver.

<u>Fourth Affirmative Defense</u>

Plaintiffs' claims are barred and or any compensable damages reduced by Plaintiffs' contributory fault/negligence.

<u>Fifth Affirmative Defense</u>

Plaintiff Hooper lacks standing to bring or maintain his claims.

<u>Sixth Affirmative Defense</u>

Defendant Ellis never agreed to, nor assumed, the fiduciary duties that Plaintiffs allege.

<u>Seventh Affirmative Defense</u>

Plaintiffs' claims are barred due to failure of justifiable reliance on the alleged misrepresentations.

<u>Eighth Affirmative Defense</u>

Plaintiffs' alleged damages are subject to setoff.

[Remainder of page intentionally left blank]

WHEREFORE, based on the forgoing, Defendant Jerome Ellis respectfully requests that this Court dismiss Plaintiffs' Complaint with prejudice, enter a final judgment in favor of Defendant Ellis with an award of his compensable costs of this action, and grant Defendant Ellis such additional relief as is just and equitable.

Respectfully submitted this 12th day of April, 2012.

//s// Charles L. Pickett
Richard L. Martens (Florida Bar No. 0219908)
Rmartens@caseyciklin.com
Jason S. Haselkorn (Florida Bar No. 0052140)
Jhaselkorn@caseyciklin.com
Charles L. Pickett, Jr. (Florida Bar No. 0051217)
Cpickett@caseycilkin.com
CASEY CIKLIN LUBITZ
MARTENS & O'CONNELL
515 North Flagler Drive, 20th Floor
West Palm Beach, FL  33401
Telephone: (561) 832-5900
Facsimile: (561) 833-4209
Attorneys for Defendant Ellis

## CERTIFICATE OF SERVICE

I HEREBY certify that on this 12th day of April, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document will be served forthwith on Defendant Brown upon being advised of contact information for Mr. Brown or his counsel.

//s//  Charles L. Pickett
Charles L. Pickett, Esq.

## SERVICE LIST

Mark F. Raymond, Esq.
mraymond@broadandcassel.com
BROAD and CASSEL
One Biscayne Tower, 21st Floor
2 South Biscayne Blvd.
Miami, FL 33131
Via CM/ECF