UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

BVS ACQUISITION CO., LLC,
a Delaware Limited Liability Company, AND
ARTHUR W. HOOPER, JR., an
individual,

    CASE NO.: 9:12-cv-80247-DMM

  Plaintiffs,

v.

RORY A. BROWN,

  Defendant.

_____/

# EXHIBIT A

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

| | |
|---|---|
| BVS Acquisition Co., LLC, and Arthur W. Hooper, Jr. ) <br> *Plaintiff* ) <br> v. ) <br> Rory A. Brown ) <br> *Defendant* ) | Civil Action No. 9:12-cv-80247-DMM <br><br> (If the action is pending in another district, state where: <br> Southern District of Florida ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Records Custodian, Sherman Financial Services
200 Meeting Street, Suite 206, Charleston, SC 29401-3187

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Huseby Charleston <br> Charleston Executive Suites <br> 6650 Rivers Avenue, Charleston, SC 29406 | Date and Time: <br><br> 08/27/2012 10:00 am |
|---|---|

The deposition will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See attached Exhibit A.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 8/20/12

_____  OR  _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

CLERK OF COURT

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* BVS Acquisition Co., LLC and Arthur W. Hooper, Jr. _____, who issues or requests this subpoena, are:
Chalon T. Allen, Broad and Cassel, One Biscayne Tower, 21st Floor, 2 South Biscayne Boulevard, Miami, Florida 33131, (305) 373-9453, callen@broadandcassel.com

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 9:12-cv-80247-DMM

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Exhibit A

## DEFINITIONS AND INSTRUCTIONS

1. "Document," "documents" or "documentation" shall mean any written or graphic matter and other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, inter-office and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations or modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographs, microfiche, microfilm, video tape, records and motion pictures) and electronic, mechanical or electronic records or representations of any kind (including without limitation, audio or other tapes, cassettes, discs, records and/or any form of storage of computer records or files).

2. The term "all documents" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

3. "Refer" or "related to" shall mean to make a statement about, discuss, reflect, constitute, identify, deal with, consist of, establish, compromise, list, evidence, substantiate or in any way pertain in whole or in part to the subject.

4. "Communication" means and includes any oral or written exchange of words, thoughts or ideas to another person(s), whether person to person, in a group, by telephone, by letter, by facsimile, by telex or by any other process, electric, electronic or otherwise. All such communications in writing shall include, without limitation, printed, typed, handwritten or other readable documents, correspondence, memos, reports, contracts, both initial and subsequent, diaries, logbooks, minutes, notes, studies, survey, and forecasts.

5. "You", "Your", or "Sherman" shall refer to Sherman Financial Group its agents, representatives, attorneys, accountants, and/or any other person or entity acting under its direction, control or on its behalf.

6. "Brown" shall refer to Defendant Rory A. Brown, his employees, agents, attorneys, accountants, officers, directors, predecessors, successors and/or any other person or entity acting under its direction, control or on his behalf.

7. "BVS" shall refer to Plaintiff BVS Acquisition Co., LLC, its employees, agents, attorneys, accountants, officers, directors, predecessors, successors and/or any other person or entity acting under its direction, control or on its behalf.

8. "Hooper" shall refer to Plaintiff Arthur W. Hooper, his agents, representatives, attorneys, accountants, and/or any other person or entity acting under his direction, control or on his behalf.

9. "Cerruzi" shall refer to Louis L. Ceruzzi, Jr., his agents, representatives, attorneys, accountants, and/or any other person or entity acting under his direction, control or on his behalf.

10. "Lydian Private Bank" or "LPB" shall refer to Lydian Private Bank, the entity which was seized by federal regulators on August 19, 2011, its employees, agents, attorneys,

accountants, officers, directors, predecessors, successors, and/or any other person or entity acting under its direction, control or on its behalf.

11. "Lydian Holding Company" or "LHC" shall refer to Lydian Holding Company f/k/a Lydian Trust Company, the parent company of LPB its employees, agents, attorneys, accountants, officers, directors, predecessors, successors and/or any other person or entity acting under its direction, control or on its behalf.

12. "Lydian Holdings Inc." or "LHI" shall refer to Lydian Holdings Inc., a Florida for-profit corporation established on June 24, 2010, its employees, agents, attorneys, accountants, officers, directors, predecessors, successors and/or any other person or entity acting under its direction, control or on its behalf.

13. The terms "action" or "litigation" shall refer to the civil action styled *BVS Acquisition Co., LLC, et al v. Rory A. Brown, Case No. 9:12-CV-80247-DMM,* pending in the United States District Court for the Southern District of Florida.

14. "Person" means any natural person, corporation, partnership, proprietorship, association, organization, or group of natural persons.

15. The words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any documents which might otherwise be construed to be outside the scope.

16. The use of a verb in a tense shall be construed as use of a verb in the past, present, or future tense wherever necessary to bring any documents that might otherwise be construed as outside the scope of any particular request within the scope of such request.

17. All documents retained in electronic form shall include all metadata and shall be produced in native format (e.g. Microsoft Outlook, Excel, and Word files), unless such native format is not readily accessible.

18. If any of the documents requested herein have been lost or destroyed since their creation, identify each of the missing documents, state when, where, and how and by whom the documents were lost or destroyed and identify, by name and address the person who last had custody of the missing documents. If you choose to withhold any documents from production on the ground of privilege or for any other reason, identify the documents withheld and state the grounds for withholding the documents consistent with the requirements of the federal rules of civil procedure and the Local Rules for this Court.

19. Unless otherwise stated in a Request, these requests seek documents from **January 1, 2008 through August 19, 2011.**

## DOCUMENTS REQUESTED

1. All documents that reference, reflect, or relate to the $20 million unsecured loan made to Sherman Financial Group by Lydian Private Bank on September 23, 2008.

2. All documents that reference, reflect, or relate to Sherman's purchase of $15 million of Lydian Private Bank's 2008A convertible noncumulative perpetual preferred stock on September 30, 2008.

3. All documents that reference, reflect, or relate to the 2008 agreement between Sherman and Lydian Private Bank in which Lydian Private Bank agreed to purchase up to $150 million in unsecured consumer loans from Credit One Financial Services ("COFS"), a then-subsidiary of Sherman.

4. All documents that reference, reflect, or relate any payments or draws made upon on the $20 million unsecured loan to Sherman by Lydian Private Bank from January 1, 2008 through August 19, 2011.

4

5. All documents that reference, reflect, or relate to Sherman's offer to sell its $15 million of Lydian Private Bank's 2008A convertible noncumulative perpetual preferred stock to Plaintiffs BVS Acquisition Co., LLC and Arthur W. Hooper.

6. All documents that reference, reflect, or relate to communications between Sherman and 1) BVS Acquisition Co. LLC; 2) Arthur W. Hooper: or 3) Louis L. Ceruzzi from January 1, 2010 through August 19, 2011.

7. All documents that reference, reflect, or relate to communications between Sherman and Rory Brown regarding:

   a. The $20 million loan to Sherman;
   b. Sherman's purchase of $15 million of Lydian Private Bank's 2008A convertible noncumulative perpetual preferred stock;
   c. The purchase agreement between COFS and Lydian wherein Lydian was to purchase up to $150 million in unsecured consumer loans from Sherman;
   d. Plaintiff BVS Acquisition Co., LLC;
   e. Arthur W. Hooper;
   f. Louis L. Ceruzzi; and
   g. Sherman's offer to sell its $15 million of Lydian Private Bank's 2008A convertible noncumulative perpetual preferred stock to Plaintiffs BVS Acquisition Co., LLC and Arthur W. Hooper.

8. Any payments or other remuneration made by Sherman, or any of its subsidiaries or affiliates, to Defendant Rory A. Brown from January 1, 2008 through the present.